UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELIZABETH ROSE FREEMAN,

    Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 2:16-cv-01826 JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* Dkts. 16, 17, 18).

  Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request

for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case and the "limited nature of her success" (*see* Response, Dkt. 17, p. 1 (citing 28 § U.S.C. 2412)).

After considering and reviewing the record, including plaintiff's motion, opening brief (re: EAJA fees), declaration, and the attached time sheet (*see* Dkt. 16, Attachments 1, 3, 4), as well as the excellent results obtained by plaintiff's counsel, the Court finds that plaintiff's fee request is reasonable (*see id.; see also* Reply, Dkt. 18).

Therefore, plaintiff's motion for attorney's fees is granted pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $5,903.

## BACKGROUND and PROCEDURAL HISTORY

On July 10, 2017, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 14). The Court found that the ALJ erred when evaluating the medical evidence (*see id.*). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of the medical evidence (*see id.*).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkts. 16, 17). Defendant asserts that the amount of hours expended are unreasonable (Dkt. 20, p. 1). Plaintiff filed a reply (*see* Dkt. 18).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), cert. denied, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala,* 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. 14). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

Here, plaintiff contends that defendant "does not challenge . . . . plaintiff's contention that the position of the Commissioner was not justified." Dkt. 18, p. 2. Although this contention is not entirely correct, defendant offers no argument regarding substantial justification, and can fairly be said to implicitly concede this point.

The Court agrees with defendant's implicit concession (*see id*.). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence, which formed the basis for this Court's reversal of the ALJ's decision. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A).

Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra,* 461 U.S. at 433, 436-37; *see also Roberts v. Astrue,* 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,*

*supra,* 461 U.S. at 433. However, the "product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* at 434. The Court concluded that the "important factor of the 'results obtained'" may lead the district court to adjust the fee upward or downward. *Id.* The Court stated that this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* (noting that other relevant factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (1974) "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate") (other citation omitted).

The factor of "results obtained" may not be relevant, particularly when there is only a single claim in an appeal of a Social Security matter. *See Hensley, supra*, 461 U.S. at 435. Here, plaintiff prevailed on the single claim of whether the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. As noted by the Supreme Court, when the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra,* 461 U.S. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Defendant has challenged whether plaintiff received excellent results. Defendant argues that plaintiff only obtained "limited success" because plaintiff did not receive her requested remand with a direction to award benefits. *See* Dkt. 17, p. 2.

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 5

Although plaintiff did not receive a remand with a direction to award benefits, the circumstances allowing for such a result do not exist often in social security appeals before this Court. As noted by plaintiff, a remand with a direction "to award benefits is rare and generally limited to cases where 'the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits.'" Dkt. 18, p. 3 (*quoting Perry v. Colvin*, 91 F. Supp. 3d 139, 153 (D. Mass. 2015)). Plaintiff here obtained a full reversal and will receive at least a new decision following remand of this matter. According to the Supreme Court, where plaintiff has obtained excellent results, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley, supra*, 461 U.S. at 435. "The result is what matters." *Id.* As noted by plaintiff, she "actually prevailed on both of the only two issues she raised as error in the opening brief." Dkt. 18, p. 3 (citing Dkt. 11). Therefore, the Court concludes that defendant's argument that plaintiff's success was limited because she did not receive a remand of this matter with a direction to award benefits is not persuasive.

For the reasons stated, and based on a review of the relevant record, the Court concludes that plaintiff has obtained "excellent results," contrary to defendant's characterization of plaintiff's results as "limited success." *See* Dkt. 117, p. 2.

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra,* 461 U.S. at 435. Other relevant factors

identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra,* 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,* 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e Hensley lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra,* 488 F.2d at 717-19, and *Kerr, supra,* 526 F.2d at 69-70"); *but see Goodwin v. Astrue,* 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), adopted by 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

As defendant does not object to plaintiff's requested hourly rate for his attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours reasonably expended on the litigation" (*see* ECF No. 17). *See also Hensley, supra,* 461 U.S. at 433.

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra,* 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

The Court has reviewed the facts of this case. *See Hensley, supra,* 461 U.S. at 429, 433 n.7 (once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case"). Other than the argument regarding the characterization of plaintiff's success, the only other argument offered by defendant as to why plaintiff's requested attorney's fees should be reduced is that plaintiff's "reply brief [] did not meaningfully help [plaintiff] obtain a better outcome." Dkt. 17, pp. 2-3; *see also Gates,* 987 F.2d at 1397-98 (citations omitted) (if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits"). Plaintiff replies that defendant's argument is without merit because the "reply brief is entirely devoted to the issues of the ALJ's failure to [weight] properly [] the medical evidence and that the RFC is in error." Dkt. 18, p. 4. That "there is simply a sentence at the end of the reply that requests a remand for payment," does not mean that the reply did not help plaintiff obtain a good result, as the reply concerned the issue on which the Court granted remand. *Id*. These arguments by plaintiff are persuasive.

The Court has taken note of the statement in the declaration under penalty of perjury from plaintiff's attorney that all "of the time spent on this case was necessary in order to provide quality representation to my client in court." Dkt. 16-3, at 2-3. As noted by plaintiff, according to the Supreme Court, where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *See Hensley, supra,* 461 U.S. at 435.

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 8

Given the facts and circumstances of the matter herein, and based on plaintiff's briefing and his petition for fees, with the itemized time expenditures included, the Court concludes that the time incurred by plaintiff's attorney in this matter is reasonable. *See Hensley, supra,* 461 U.S. at 435. As plaintiff's attorney "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for attorney's fees in the amount of $5,903.00.

## CONCLUSION

Plaintiff is awarded $5,903.00 in attorney's fees, representing 30.15 hours of attorney work, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to plaintiff's counsel, Christopher Lyons, Esq., based on plaintiff's assignment of these amounts to plaintiff's attorney. Dkt. 16-5, at 1. The checks for EAJA fees shall be mailed to plaintiff's counsel at Christopher Lyons, Esq, P.O. Box 1645, Coupeville, WA 98239.

Dated this 11th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge